JEROME WATTS,

       Plaintiff,

      v.                                 Case No. 26-cv-0069-bhl

MILWAUKEE COUNTY CLERK OF COURT,
MILWAUKEE COUNTY JAIL, and
MILWAUKEE COUNTY SHERIFF,

       Defendants.

# SCREENING ORDER

Plaintiff Jerome Watts, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Watts' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Watts has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Watts has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $15.63. Watts' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Watts, sometime before he was convicted, the judge in his criminal case placed him on "GPR" status after the district attorney noted that Watts had violated a no-contact order when he sent an email request to the mother of an alleged victim. Watts explains that once on GPR status, all of his mail, telephone, visitation, and tablet privileges were stopped. Watts asserts that the judge stated it was up to Milwaukee County Jail officials whether to remove him from GPR status, but jail officials refused to do so because the judge would not enter a new order removing the status. Watts states that he tried to explain that his cellmate had most likely sent the offending email request, but the status was still applied. While not entirely clear, it does not appear that the status has any current impact on Watts now that he has been convicted and is confined in a state institution, but Watts states that the status will apply if he ever returns to the jail. Watts asserts that he was unable to contact his family or conduct legal research for nearly a year while housed at the jail.

2

Watts fails to state a claim because his complaint does not include sufficient factual content for the Court to reasonably infer that someone violated his constitutional rights. *See* Fed. R. Civ. P. 8. Watts asserts that the judge in his criminal case imposed the restriction, but Watts does not sue the judge, presumably because he knows that judges are absolutely immune for performing actions "that are 'closely associated with the judicial process.'" *Smith v. Schwarz*, 46 F. App'x 374, 375 (7th Cir. 2002) (quoting *Cleavinger v. Saxn'r,* 474 U.S. 193, 200 (1985)). Instead, Watts sues the Milwaukee County Clerk of Court and the Milwaukee County Sheriff without any explanation of how they were involved in the alleged violation of his rights. This is legally improper. Section 1983 requires that an individual defendant be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id*.

Watts makes no mention, however, of either the Clerk of Court or the Sheriff in the body of his complaint, and the Court will not speculate how—if at all—they were involved. To the extent Watts named them as Defendants because they are supervisors, the Court notes that the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only other Defendant Watts names is the Milwaukee County Jail, but the jail is a building, not a "person" for purposes of §1983. *See Whiting v. Marathon Cnty. Sherriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

Finally, and in any event, the Court notes that it is not clear from Watts' allegations whether *anyone* at the jail is responsible for the continued enforcement of the restriction. Watts asserts that the judge ordered application of the restriction and that, when jail officials requested that the judge remove the restriction, the judge refused. Jail staff did not violate Watts' rights because they enforced an order that the judge refused to vacate. And if Watts had an issue with a state judge's order, he needed to appeal that order in the state system. He cannot attack it through a federal civil rights lawsuit. In sum, the Court cannot reasonably infer from Watts' vague allegations that someone other than the judge (who has absolute immunity from suit) was personally responsible the continued enforcement of the restriction.

If Watts wants to proceed with this lawsuit, he will need to file an amended complaint by **April 15, 2026** that cures the deficiencies identified in this decision. Watts should draft his

3

proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain who imposed the restriction, who at the jail he spoke to about removing the restriction, what that person did or did not do in response, what efforts Watts made to have the restriction removed, when this happened, and how he was impacted. Watts should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Watts' failure to state a claim in his original complaint. If Watts does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Watts' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **April 15, 2026**, Watts may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Watts a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Watts shall collect from his institution trust account the $334.37 balance of the filing fee by collecting monthly payments from Watts' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Watts is transferred to another institution, the transferring institution shall forward a copy of this Order along with Watts' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Watts is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

4

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Watts is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 19th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5