---

JEROME WATTS,

        Plaintiff,

        v.                                  Case No. 26-cv-0069-bhl

MILWAUKEE COUNTY CLERK OF COURT,
MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY SHERIFF, and
MILWAUKEE COUNTY JAIL CLASSIFICATION STAFF,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Jerome Watts, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On March 19, 2026, the Court screened the complaint and after concluding it failed to state a claim on which relief could be granted, gave Watts the opportunity to file an amended complaint, which he did on March 31, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations in the amended complaint are largely the same as the allegations in the original complaint. According to Watts, prior to his state court conviction, a state court judge restricted Watts' communication privileges because it was believed that he had tried to contact a victim of his crime. Watts insists that he did not attempt to contact the victim and believes it may have been his cellmate. Regardless, Watts was placed on "GPR" status and all of his mail, telephone, visitation, and tablet privileges were stopped. Watts asserts that he and his attorney were informed that he would remain on that status until the judge removed it. According to Watts, his attorney filed a motion to modify the order so he could have limited phone and tablet access, but the judge denied the motion. Watts explains that he remained on this status for nearly a year and, at his sentencing, the judge said it was up to the county jail whether to remove Watts from GPR status. Two weeks later, Watts was transferred out of the jail; however, about two years later, beginning on April 10, 2025, he was housed at the jail for about two weeks for issues related to his appeal. Watts asserts that he was on GPR status during those two weeks. Watts explains that he was informed that he would be placed on GPR status every time he is at the jail until the judge restores his privileges. Watts asserts that he has spoken to various people about the classification, but he has been ignored or his requests have been denied. Dkt. No. 8.

## THE COURT'S ANALYSIS

The amended complaint fails to state a claim for the same reasons the original complaint failed to state a claim. As explained in the original screening order, §1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Here, the only person responsible for the imposition of GPR status on Watts is the judge in *Wisconsin v. Watts*, Milwaukee County Case No. 2022CF2238. A review of the publicly available court records shows that Watts, through his lawyer, filed a motion restore his communication privileges on April 25, 2023; that motion was denied. According to the docket, no motion to restore Watts' privileges has been filed since that denial.

Watts does not sue the judge because he knows that judges are absolutely immune for performing actions "that are 'closely associated with the judicial process.'" *Smith v. Schwarz*, 46

2

F. App'x 374, 375 (7th Cir. 2002) (quoting *Cleavinger v. Saxn'r,* 474 U.S. 193, 200 (1985)). Instead, Watts sues various officials for enforcing the order. But the Milwaukee County Clerk of Court, the Milwaukee County Sheriff, and jail classification staff have no discretion to disregard a court's order. Nor does *this* Court have the authority to order jail officials to disregard a state court's order. Accordingly, Watts does not state a claim on which *this* Court can grant relief. If Watts believes his communication rights should be restored now that he has been sentenced, he should raise his request with the state court.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 16th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.